UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

GEORGE D. MARRISETT )
)
v. ) No. 2:14-CV-222
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security )

# MEMORANDUM OPINION

This Social Security appeal is before the Court for consideration of the plaintiff's objections [Doc. 18] to the Report and Recommendation filed by United States Magistrate Judge Dennis H. Inman [Doc. 17]. The Commissioner has not responded to plaintiff's objections and the time for doing so has passed. E.D. Tenn. L.R. 7.1(a), 7.2. Magistrate Judge Inman found that substantial evidence supported the findings of the Administrative Law Judge (ALJ). Thus, Magistrate Judge Inman recommended that plaintiff's motion for summary judgment [Doc. 13] be denied and the Commissioner's motion for summary judgment [Doc. 15] be granted.

I. Background

Plaintiff applied for disability insurance benefits and/or supplemental security income alleging disability beginning August 29, 2011. The claim was denied by the ALJ on February 19, 2013. The Appeals Council denied the plaintiff's request for review, and plaintiff sought judicial review of the Commissioner's decision.

The ALJ found that plaintiff has the following severe impairments: cervicalgia and borderline intellectual functioning [TR at 12]. Taking these impairments into consideration, the ALJ found that plaintiff retained the residual functional capacity to perform light work that involves frequent overhead reaching, with the following non-exertional limitations: he is functionally illiterate, but able to understand, remember, and carry out simple instructions only [TR at 13]. Although the ALJ found that plaintiff was unable to perform his past relevant work as a forklift operator, he also concluded and Magistrate Judge Inman affirmed that the plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy [TR at 17, 19]. Accordingly, the plaintiff's application for disability benefits was denied.

## II.     Standard of Review

The Court's review of Magistrate Judge Inman's Report and Recommendation is *de novo.* 28 U.S.C. § 636(b). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison,* 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan,* 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan,* 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.,* 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the court would have come to different factual conclusions as to the plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg,* 987 F.2d at 331.

### III. Plaintiff Objects to the Finding That He Has Limited Education Instead of Finding That He is Illiterate

Plaintiff first objects that the ALJ's decision is incorrect or at least inconsistent as to the finding that he has a limited education and is also functionally illiterate [Doc. 18 at pp. 1—2]. Plaintiff contends that he meets the criteria of Section 202.00(d) of the Medical-Vocational guidelines because a finding of illiteracy is not necessarily

3

inconsistent with a finding of limited education. Pursuant to Section 202.00(d), a finding of disabled is warranted for individuals who meet the criteria of Section 202.00(c),[1] who are closely approaching advanced age, and the individual's vocational scope is significantly limited by illiteracy or inability to communicate in English. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(d). Magistrate Judge Inman correctly noted that the ALJ found plaintiff to be "functionally illiterate" as part of his formulation of the Residual Functional Capacity ("RFC"), but that plaintiff had a limited education for purposes of applying the guidelines.

"Illiteracy" is defined by the regulations as "the inability to read or write" such as a person who cannot read or write a simple message. 20 C.F.R. § 416.964(b)(1). A person with "limited education" has "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs." 20 C.F.R. § 416.964(b)(3). Notably, a seventh grade education is generally considered a limited education. *Id.* Plaintiff attended school through the seventh grade and was assessed as able to comprehend and follow simple job instructions [TR at 206]. He had worked for many years in a variety of jobs and is able to understand and communicate in English.

---

[1]According to section 202.00(c), a finding of disabled is warranted for individuals of advanced age (age 55 and over) who can no longer perform vocationally relevant past work and who have a history of unskilled work experience or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work within the individual's functional capacity. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(c). At the time of the filing of his application, plaintiff was 51 years old and therefore "closely approaching advanced age." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(d).

4

Thus, there is substantial evidence in the record that plaintiff is not "illiterate" and he therefore does not meet the criteria of Section 202.00(d).

**IV.     Plaintiff Objects to the Failure to Remand for Consideration of Listing 12.05(C)**

Plaintiff also objects to the magistrate judge's determination that the ALJ's failure to address Listing 12.05(C) did not warrant a remand because there was sufficient evidence to support this listing not being met [Doc. 18 at p. 3]. Plaintiff claims there is evidence in the record that would indicate Listing 12.05(C) is met and the ALJ failed to evaluate any of this evidence in the context of Listing 12.05(C).

The ALJ must make a five-part determination of whether the claimant is disabled. 20 C.F.R. § 404.1520(a). Significant to this objection is step three of the determination that requires the ALJ to "determine whether the claimant's impairments meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Staggs v. Astrue,* 2:09–CV–00097, 2011 WL 3444014, at *3 (M.D. Tenn. Aug. 8, 2011). The ALJ's analysis is not required to be overly detailed or extensive. *Id.* The Sixth Circuit has rejected a heightened articulation standard noting "the ALJ is under no obligation to spell out 'every consideration that went into the step three determination' or 'the weight he gave each factor in his step three analysis,'" *Stagg,* 2011 WL 3444014, at *3 (quoting *Bledsoe v. Barnhart,* 165 F. App'x 408, 411 (6th Cir. 2006)). Further, the *Bledsoe* court "endorsed the practice of searching the ALJ's entire decision for statements supporting his step three analysis," noting that it is not necessary to have a section devoted

5

specifically to step three. *Staggs,* 2011 WL 3444014, at *3. Accordingly, this Court is free to examine all ALJ findings that support his step three analysis.

The ALJ concluded that the plaintiff's impairments did not meet the criteria of "*any* listed impairments in Appendix 1" [TR at 12 (emphasis added)] and specifically analyzed whether plaintiff met the criteria of Listing 12.02 for organic mental disorders [*Id.* at 12—13]. The ALJ did not specifically analyze the plaintiff's impairments in the context of Listing 12.05(C) for intellectual disabilities, but he did consider the evidence of mental impairment in the context of steps 4 and 5 [*Id.* at 13, 15—17]. Neither the listings nor the Sixth Circuit require the ALJ to "address every listing" or "to discuss listings that the applicant clearly does not meet." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013)).

In order to be disabled under Listing 12.05(C), a claimant must have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" and have "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05.

In the present case, Ms. Palmer, the consultative examiner, concluded that plaintiff "does not appear to have significant deficiencies in adaptive functioning" and it "does not appear that he meets the criteria for mental retardation (intellectual disability)" [TR at 205]. Similarly, Dr. Currey, the state agency psychologist, noted that plaintiff had a full

6

scale IQ of 65 "but higher function" and "no long data of MR" (longitudinal data of mental retardation) [TR at 209]. Thus, both Ms. Palmer and Dr. Currey noted that plaintiff had borderline intellectual functioning, but neither concluded that he met the criteria for mental retardation. Further, there is no evidence that plaintiff's mental deficiency initially manifested before age 22. Accordingly, there is substantial evidence in the record to conclude that plaintiff's impairments do not meet or equal Listing 12.05(C) and the ALJ did not err by failing to specifically analyze it. *See Smith-Johnson*, 579 F. App'x at 432—33 (absent evidence that the claimant can meet or equal every requirement of a listing, the ALJ does not commit reversible error by failing to evaluate a listing at Step 3)

## V.    Conclusion

After a careful review of the record and the parties' pleadings, the Court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Thus, for the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into its ruling, the plaintiff's motion for summary judgment [Doc. 13] will be **DENIED**; the Defendant Commissioner's motion for summary judgment [Doc. 15] will be **GRANTED**; the Defendant Commissioner's decision in this case denying

7

Plaintiff's application for benefits under the Social Security Act will be **AFFIRMED**; and this case will be **DISMISSED.**

An appropriate order will be entered.

                                                s/ Thomas W. Phillips
                                          SENIOR UNITED STATES DISTRICT JUDGE